IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAWN R. WEST, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-24-00333 |
| KAREN T. PITMAN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Plaintiffs Dawn and Steven West have filed suit against a variety of Defendant healthcare providers alleging medical malpractice. Some of those providers then impleaded Advanced Radiology, P.A. and Dr. Julian Thayer Simmons (together, the "Third-Party Defendants"). Plaintiffs subsequently filed claims directly against the Third-Party Defendants in a separate case, Civ. No. JKB 25-00292; that case was consolidated with the instant one, with the above-captioned case being designated as the lead case. (ECF No. 59.)[1]

Now pending before the Court is a Motion to Dismiss by the Third-Party Defendants against Plaintiffs' complaint in Civ. No. JKB-25-00292. (ECF No. 60.) Also pending before the Court is Plaintiffs' "Motion to Withdraw and Amend Responses to Defendant Grill's Requests for Admissions" (the "Motion to Withdraw"). (ECF No. 65.) Both Motions are fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the following reasons, the Motion to Dismiss will be denied, and the Motion to Withdraw will be granted.

Also, to promote efficiency and reduce confusion, Plaintiffs will be directed to file a single Amended Complaint encompassing allegations against all Defendants and Third-Party

---

[1] Unless otherwise noted, all record citations refer to the electronic docket for Civ. No. JKB-24-00333.

Defendants. Plaintiffs will not be permitted to make any change to the substance of their pleadings, and this directive will not impact the validity of currently filed Answers.

I.  **MOTION TO DISMISS**

   **A. Factual Allegations**

The Court has already provided a brief synopsis of the factual allegations in this case. (*See* ECF No. 57 at 2–3.) In short, Plaintiffs—a married couple from Delaware—allege that, from 2018 through 2021, Defendants negligently failed to diagnose Mrs. West's cancer. She alleges that she now suffers from incurable cancer that could have been timely treated and cured had Defendants complied with the applicable standard of care. (*Id.*)

The allegations specific to Plaintiffs' claims against Third-Party Defendants, and relevant to the instant Motion to Dismiss, are as follows. Dr. Simmons is a physician licensed to practice in Maryland and an agent and/or employee of Advanced Radiology, a Maryland-based medical practice. (Civ. No. JKB-25-00292, ECF No. 1 ¶¶ 3–4, 8.) "On July 16, 2020, an MRI was performed to evaluate [Mrs. West's] temporomandibular joints." (*Id.* ¶ 10.) Dr. Simmons reviewed the results and "interpreted the MRI to be essentially normal." (*Id.*) However, Plaintiffs allege, had Dr. Simmons followed the appropriate standard of care, he would have "identif[ied] and report[ed] a suspicious mass in Mrs. West's right parotid gland" and would have also "recommend[ed] follow-up studies and evaluation of the mass." (*Id.* ¶ 9.)

About two years later, between May and August 2022, Mrs. West underwent a more thorough diagnostic workup, which included an MRI, biopsy, and PET scan. (*Id.* ¶ 11.) The MRI, conducted in May, revealed an abnormal mass in her parotid gland which "likely represented primary parotid gland cancer." (*Id.*) The June biopsy "revealed the histological type of her parotid gland cancer—adenoid cystic carcinoma." (*Id.*) And the August 2022 PET scan showed that the

cancer had spread to other parts of the body. (*Id.*) On August 30, 2022, "Mr. West underwent extensive surgery," and following that, she underwent radiation therapy. (*Id.* ¶¶ 12–13.)

> Plaintiffs allege that,
>
> [a]s a result of the [Third-Party] Defendants' negligence, there was a significant delay in the diagnosis and treatment of Mrs. West's parotid gland cancer which caused her to suffer severe and permanent injury, including loss of hearing. The negligence of the [Third-Party] Defendants allowed Mrs. West's parotid gland cancer to progress, grow and spread to the point of causing injury and becoming incurable cancer. Had the Defendants complied with the standard of care, Mrs. West's parotid gland cancer would have been timely detected, diagnosed and treated without injury and at a time when it was curable.

(*Id.* ¶ 14.)

Plaintiffs filed their complaint against Third-Party Defendants in January 2025, after exhausting state administrative remedies. (*Id.* ¶ 2.)

### B. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations pled in a complaint. *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021). When considering a motion to dismiss, the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). However, conclusory allegations are not entitled to the assumption of truth, nor are legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). To survive, the complaint "must include 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Langford*, 62 F.4th at 124 (quoting *Iqbal*, 556 U.S. at 678 (2009)). In assessing the motion, the Court limits its review to the complaint, documents attached to the complaint as exhibits, and documents attached to the motion, if those documents are integral to the complaint and their authenticity is not disputed. *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021).

## C. Analysis

Third-Party Defendants raise two arguments in support of their Motion to Dismiss. First, they contend that Plaintiffs' claims against them are barred by the statute of limitations. (ECF No. 60-1 at 4–6.) Second, they argue that the claims should be dismissed on grounds of judicial estoppel, "as Plaintiffs have adopted a position that is inconsistent with their prior stance in this litigation with respect to Advanced Radiology, P.A. and Julian Thayer Simmons, M.D." (*Id.* at 6.) The Court addresses each in turn, and concludes that neither warrants the dismissal of the Complaint.

### 1. *Statute of Limitations*

Maryland's statute of limitations for medical malpractice claims provides in relevant part:

> An action for damages for an injury arising out of the rendering of or failure to render professional services by a health care provider . . . shall be filed within the earlier of:
> (1) Five years of the time the injury was committed; or
> (2) Three years of the date the injury was discovered.

Md. Code Ann., Cts. & Jud. Proc. § 5-109(a). The parties agree that the applicable provision here is the three-year time limit under § 5-109(a)(2). (*See* ECF No. 60-1 at 5; ECF No. 66-1 at 7.)

To determine the date from which the statute of limitations begins running, Maryland courts apply the "discovery rule," which provides that a cause of action accrues not on the date that the wrongful act originally occurred, but rather on the date "when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981). To be more specific, in the medical malpractice context, a cause of action "accrues, and the statute of limitations begins to run, when the patient is aware, or in the exercise of due care and diligence should be aware . . . that the medical care provider has breached a duty owing to the patient and that harm to the patient has resulted from that breach." *Young v. Medlantic Lab'y*

4

*P'ship*, 725 A.2d 572, 575–76 (Md. Ct. Spec. App. 1999) (emphasis deleted). Fundamentally, then, the discovery rule inquiry turns on when the plaintiff had "[a]ctual notice," either "express or implied," of the "nature and cause of his or her injury." *Windesheim v. Larocca*, 116 A.3d 954, 962 (Md. 2015) (citation omitted). Whereas actual notice requires that the plaintiff actually knew that the wrong had occurred, an implied-notice theory (also called "inquiry notice") charges a plaintiff with notice of all facts that an investigation probably would have uncovered, in a situation where the circumstances were such that a "person of ordinary prudence" would have inquired further. *Id.* (citation omitted). However, constructive notice—*i.e.*, notice presumed as a matter of law—is not sufficient to trigger the statute of limitations. *Id.*

Importantly, because "the question of notice generally requires the balancing of factual issues and the assessment of the credibility or believability of the evidence," the determination of when the plaintiff knew or should have known of the wrong "is ordinarily a question of fact for the jury." *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 974 (Md. 2000) (citation omitted). Moreover, a statute of limitations provides an affirmative defense, *see* Fed. R. Civ. P. 8(c), and courts "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," on a Rule 12(b)(6) motion. *Goodman v. Praxair, Inc.* 494 F.3d 458, 464 (4th Cir. 2007) (en banc). A statute of limitations, then, will supply the basis for dismissal under Rule 12(b)(6) only "in the relatively rare circumstances where . . . all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* (cleaned up).

Third-Party Defendants argue that the three-year statute of limitations began running on July 16, 2020, because that was the date that the "alleged negligence occurred." (ECF No. 60-1 at 5.) However, this argument is plainly inconsistent with the discovery rule, as the inquiry turns not on when the alleged negligence *occurred* but on when the plaintiff *knew or should have known* of

the negligence. *See Young*, 725 A.2d at 575. Third-Party Defendants go on to assert that "Plaintiffs had clearly begun an investigation into this matter and determined that there was no alleged breach of the standard of care in the interpretation of the July 16, 2020, MRI," and that "Plaintiffs had knowledge of the circumstances surrounding the allegations of their Second Action well prior to the filing of the Complaint, and such knowledge would have put a prudent person on inquiry." (ECF No. 60-1 at 6.) But Third-Party Defendants do not explain when, specifically, they believe that Plaintiffs knew or should have known of the alleged negligence, such that the January 29, 2025, filing of this action would have been untimely.

Moreover, as the Court has stated above, a statute of limitations defense is usually not amenable to resolution on a motion to dismiss. This is not the rare case where a plaintiff's complaint itself shows that a claim is time-barred, as a fair reading of the Complaint indicates that Plaintiff did not become aware of the alleged negligence until May 2022 at the earliest—well within three years of the filing of this action in January 2025. (*See* Civ. No. JKB-25-00292, ECF No. 1 ¶ 11.) Thus, dismissal on Rule 12(b)(6) grounds would not be appropriate. *See, e.g., Johnson v. Balt. Police Dep't*, 452 F. Supp. 3d 283, 313–14 (D. Md. 2020) (declining to decide a defendant's statute-of-limitations defense on a motion to dismiss); *Layani v. Ouazana*, Civ. No. SAG-20-420, 2022 WL 11949038, at *6 (D. Md. Oct. 20, 2022) (similar).

For these reasons, the Court will not dismiss Plaintiffs' complaint on statute-of-limitations grounds.[2]

---

[2] Third-Party Defendants' citation to Mrs. West's deposition testimony that purportedly show that she was on notice of the potential wrong as early as 2020 does not change the outcome, for two reasons. (*See* ECF No. 77 at 2.) First, the Court cannot consider evidence outside of pleadings in assessing a Motion to Dismiss, outside of a narrow category of documents attached or incorporated into or integral to the complaint. *Reamer*, 556 F. Supp. 3d at 549. And second, the Court ordinarily does not consider evidence attached for the first time in a reply brief. *See SEC v. Pirate Inv. LLC*, 580 F.3d 233, 255 n. 23 (4th Cir. 2009); *Jennings v. Frostburg State Univ.*, 679 F. Supp. 3d 240, 268 (D. Md. 2023). "[T]his rule is designed to prevent any prejudice that might result when a party is deprived of the opportunity to respond to new

### 2. *Judicial Estoppel*

Third-Party Defendants also argue that Plaintiffs' claims against them are barred by the doctrine of judicial estoppel.

In August 2024—about five months before Plaintiffs sued Third-Party Defendants directly—Plaintiffs served on Defendant Dr. Robert M. Grill a Response to Requests for Admissions (the "Response to RFAs"). (ECF No. 60-2.) RFA No. 4 read, "Plaintiff's July 16, 2020, MRI was correctly read as showing no sign of an adenoid cystic carcinoma or any other form of cancer in or near the parotid gland." (*Id.* at 3.) Plaintiffs responded:

> Objection. This Request is vague as to the use of the adverb "correctly". Plaintiff does not allege that the MRI was incorrectly read as far as the applicable standard of care for a radiologist. However, Plaintiff alleges that in retrospect the MRI showed cancer. Accordingly, Plaintiff denies this Request as phrased.

(*Id.*) Plaintiffs provided a substantively identical answer in their Response to RFA No. 5. (*Id.*) Third-Party Defendants argue that, because of these statements, Plaintiffs are estopped from now arguing that Third-Party Defendants breached the standard of care with respect to the July 2020 MRI. (ECF No. 60-1 at 6–9; ECF No. 77 at 3–5.)

Judicial estoppel is a common law doctrine recognized by Maryland courts. *Donlon v. Montgomery Cnty. Pub. Schs.*, 188 A.3d 949, 973 (Md. 2018). It "precludes a party from taking a position in a subsequent action inconsistent with a position taken by him or her in a previous action." *Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 724 (Md. 2017) (alteration in original) (quoting *Dashiell v. Meeks*, 913 A.2d 10, 22 (Md. 2006)). This doctrine derives from the underlying principle "that a man shall not be allowed to blow hot and cold, to claim at one time

---

arguments." *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 531 (4th Cir. 2022) (alteration in original) (citation omitted). Third-Party Defendants have not shown why the Court should depart from these ordinary rules here.

and deny at another." *Id.* at 741 (quoting *Standard Fire Ins. Co. v. Berrett*, 910 A.2d 1072, 1086 (Md. 2006)). Judicial estoppel "is necessary and deployed 'to protect the integrity of the judicial system from one party who is attempting to gain an unfair advantage over another party by manipulating the court system.'" *Donlon*, 188 A.3d at 974 (quoting *Dashiell*, 913 A.3d at 23).

"[T]hree circumstances must exist" before judicial estoppel can be applied:

> (1) one of the parties takes a [] position that is inconsistent with a position it took in previous litigation, (2) the previous inconsistent position was accepted by a court, and (3) the party who is maintaining the inconsistent positions must have intentionally misled the court in order to gain an unfair advantage.

*Bank of N.Y.*, 175 A.3d at 724–25 (alteration in original) (quoting *Dashiell*, 913 A.2d at 22).

Here, judicial estoppel is not applicable, both because the prior position was not accepted by the Court, and because there is no evidence that Plaintiffs intentionally misled the Court.

The Court agrees with Third-Party Defendants that the first element of judicial estoppel has been met. (ECF No. 60-1 at 8–9.) Plaintiffs have adopted an inconsistent position, in that they previously stated that the they did not allege that the "MRI was incorrectly read as far as the applicable standard of care for a radiologist" (ECF No. 60-2 at 3), whereas they now allege that Third-Party Defendants "breached the standard of care by, *inter alia*, . . . [f]ailing to properly interpret and report the July 16, 2020, MRI" (Civ. No. JKB-25-00292, ECF No. 1 ¶ 15).

But the Court is not persuaded by Third-Party Defendants' argument that the admission was "accepted by the Court" on the theory that, "once admitted under [Federal Rule of Civil Procedure 36], the matter is conclusively established." (ECF No. 60-1 at 9.) Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." But Rule 36(b) does not mean that every statement made in response to an RFA is automatically deemed "accepted by the Court" for the purpose of judicial estoppel. For one thing, the Rule itself expressly states that "[a]n admission

under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." *Id.* Further, "an answer to an interrogatory in a different suit [does] not estop [a party] from taking a different position, although the difference could be admitted in evidence at trial." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990) (citing *Fidelity & Deposit Co. v. Hudson United Bank*, 653 F.2d 766, 778–79 (3d Cir. 1981)).[3] This distinction between matters deemed admitted by the parties and matters accepted by the Court "allows parties to contradict themselves in court, [but] it threatens only the integrity of the parties, not of the court." *Id.* Moreover, the Court never took any affirmative steps to "accept" Plaintiffs' admissions; indeed, because discovery materials are generally not filed with the Court, *see* Local Rule 104.5 (D. Md. 2023), the Court was not even *aware* of Plaintiffs' Response to RFAs until Third-Party Defendants brought it to the Court's attention through the pending Motion to Dismiss. And, as will be explained, *infra* Part II, the Court will permit Plaintiffs to withdraw their Response to RFAs in any event. Finally, "[t]he insistence upon a court having accepted the party's prior inconsistent position ensures that judicial estoppel is applied in the narrowest of circumstances." *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996). But if the Court adopted Third-Party Defendants' argument, then responses to RFAs would *always* satisfy the second element of judicial estoppel, thus subverting the principle that judicial estoppel is to be applied narrowly.

Finally, even assuming that the second element were satisfied, judicial estoppel would nevertheless be inappropriate because there is no evidence that Plaintiffs intentionally misled the Court to gain an unfair advantage. Third-Party Defendants argue that Plaintiffs' Response to RFAs

---

[3] The Maryland caselaw on judicial estoppel derives from a Fourth Circuit case, *see Pittman v. Atl. Realty Co.*, 754 A.2d 1030, 1038 n.9 (Md. 2000) (citing *Sedlack v. Braswell Servs. Grp.*, 134 F.3d 219, 224 (4th Cir. 1998)), which in turn relies on *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996), which favorably cites to *Teledyne*.

"was obviously done to gain the unfair advantage of being able to include Advanced Radiology, P.A. and Dr. Simmons as direct defendants in litigation despite conclusively establishing in separate litigation that they do not allege/contend the MRI was incorrectly read with respect to the standard of care for a radiologist." (ECF No. 60-1 at 9.) According to Third-Party Defendants, "[t]he benefit derived from these Responses was to undercut any argument of an 'empty chair' defense by the Defendants in the First Action."[4] (ECF No. 77 at 4.) But the Court does not see how *Plaintiffs'* admission that third parties were not liable could preclude *Defendants* from arguing that third parties *were* liable. In any case, even assuming that Plaintiffs did gain some unfair advantage, Third-Party Defendants have not pointed to "any evidence of an intent to mislead [the Court] in the current litigation." *Bank of N.Y.*, 175 A.3d at 748.

In short, the Court "do[es] not feel snookered by [Plaintiffs] in this case. The integrity of the judicial system remains intact." *Donlon*, 188 A.3d at 975. Accordingly, the Motion to Dismiss on judicial-estoppel grounds will be denied.

## II. MOTION TO WITHDRAW

Plaintiffs seek to withdraw their Responses to RFAs that were the focus of the Court's judicial-estoppel discussion, *supra* Part I.C.2. (ECF No. 65.) They also seek permission to file amended Responses to these RFAs. As the Court has explained, the Responses at issue stated that Plaintiffs "do[] not allege that the [July 2020] MRI was incorrectly read as far as the applicable standard of care for a radiologist." (ECF No. 65-2 at 2.) Third-Party Defendants oppose this

[4] "The so-called 'empty chair' defense is one in which a defendant points the finger at another party not in the case to deflect blame. The defense is typically available to defeat a claim of negligence by establishing that the acts of another not a party to the suit were the proximate cause of plaintiff's harm." *Brava Salon Specialists, LLC v. REF N. Am., Inc.*, Civ. No. WMC-22-695, 2025 WL 885282, at *7 (W.D. Wis. Mar. 21, 2025) (citations omitted).

request.[5]  (ECF No. 74.)

> Federal Rule of Civil Procedure 36(b) provides in relevant part:
>
> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e) [(governing final pretrial conferences)], the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

District courts have "considerable discretion over withdrawal of admissions once they have been made." *Kress v. Food Emps. Lab. Rels. Ass'n*, 285 F. Supp. 2d 678, 681 (D. Md. 2003), *aff'd on other grounds*, 391 F.3d 563 (4th Cir. 2004) (citation omitted). In exercising that discretion, the Court must consider both factors set out in Rule 36(b): (1) whether withdrawal would promote the presentation of the merits of the action; and (2) whether withdrawal would prejudice the party that had originally propounded the RFA. *Acosta v. Mezcal, Inc.*, Civ. No. JKB-17-0931, 2018 WL 4188448, at *2 (D. Md. Aug. 31, 2018) (citing *Bailey v. Christian Broadcasting Network*, 483 F. App'x 808, 810 (4th Cir. 2012)). "The party opposing withdrawal or amendment bears the burden of demonstrating prejudice." *Id.* (first citing *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001), and then citing *Pulse Med. Instruments, Inc. v. Drug Impairment Detection Servs., Inc.*, Civ. No. DKC-07-1388, 2009 WL 6898404, at *16 (D. Md. Mar. 20, 2009)).

Here, both factors counsel in favor of permitting Plaintiffs to withdraw and amend their Responses to the RFAs. First, doing so will aid in the presentation of the merits, as it will allow the Court (and, if the issue survives to trial, the jury) to consider the substance of an important factual issue in this case—that is, whether Third-Party Defendants complied with the standard of

---

[5] Defendants Dr. Grill and TMJ / Facial Pain Center, LLC filed a brief indicating that "tak[e] 'no position' as to the Plaintiffs' pending Motion insofar as the relief requested—withdrawing their Response to Request for Admissions—is really an issue for the Third-Party Defendants." (ECF No. 71 at 2–3.) No other Defendants have stated their position on the matter.

care in interpreting the July 2020 MRI results. Second, Third-Party Defendants have not shown how they would be prejudiced by permitting the amendment of the Responses to the RFAs. The "prejudice" at issue in the Rule 36(b) analysis is "the prejudice stemming from reliance on the binding effect of the admission." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2264 (3d ed. 2025). But Third-Party Defendants do not argue that they relied on Plaintiffs' responses to the RFAs to their detriment. Instead, they argue that Plaintiffs changed their mind only because they decided to adopt "a new litigation strategy" of pursuing claims against the Third-Party Defendants, and that Plaintiffs' claim that their earlier admission were inaccurate is "disingenuous." (ECF No. 74 at 4.) The Court can only speculate as to Plaintiffs' subjective motivations. But Plaintiffs advance a plausible argument for why they changed their position in good faith—namely, that, about a month after Plaintiffs made the initial Response, certain Defendants produced an expert report from a physician who concluded that Third-Party Defendants missed "clear evidence of a mass indicative of or at least suspicious of cancer" in interpreting the July 2020 MRI results. (ECF No. 65-1 at 2–3 (citing ECF No. 65-4).)[6]

For these reasons, the Third-Party Defendants have not carried their burden of showing why amendment should not be permitted. Accordingly, the Motion to Withdraw will be granted.

### III.  FILING OF AMENDED COMPLAINT

As the Court has recently had occasion to observe, "[i]n federal litigation, a plaintiff can only ever have one operative complaint at a time." *Head v. Rakowski*, Civ. No. JKB-22-00566,

---

[6] Third-Party Defendants argue that the Court may deny leave to withdraw even if both provisions of Rule 36(b) are satisfied. (ECF No. 74 at 3–4 (citing *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007)).) The Court agrees that the permissive phrasing of the Rule (the Court "*may*," not "must," permit withdrawal) indicates that the Court need not automatically award relief even when both factors are met. But here, the Court finds no countervailing considerations strong enough to outweigh the two factors enumerated in Rule 36(b) that both point strongly in favor of permitting withdrawal. *Cf. Conlon*, 474 F.3d at 625 (noting that even when a court considers additional factors, the two Rule 36(b) factors were "clearly intended . . . to be central to the analysis").

2025 WL 89892, at *1 (D. Md. Jan. 14, 2025). But here there are functionally two operative complaints—the complaint in the lead action, Civ. No. JKB-24-00333, and the complaint in the second action filed by Plaintiffs directly against Third-Party Defendants, Civ. No. JKB-25-00292.

For administrative convenience, a single complaint must be identified going forward. Thus, the Court will direct Plaintiffs to file an Amended Complaint encompassing the allegations from both consolidated actions. Leave to amend will be strictly limited to factual allegations and legal contentions expressly stated in one of the two complaints; Plaintiffs will not be permitted to expand on, or otherwise modify, the substance of their pleadings in any way. Because the Court anticipates that the Amended Complaint will not contain any substantive changes, all Answers currently filed will continue to remain valid, without any need for any Defendants to amend them. Further, the filing of the Amended Complaint will not have any impact on any other deadlines applicable in this case, except for the deadline for Third-Party Defendants to file their Answer.

## IV.  CONCLUSION

For the foregoing reasons, Third-Party Defendants' Motion to Dismiss (ECF No. 60) will be denied, and Plaintiffs' Motion to Amend (ECF No. 65) will be granted. Plaintiffs will be directed to file an Amended Complaint, and all parties will be directed to file a joint status report regarding further scheduling issues.

A separate order will issue.

DATED this __18__ day of April, 2025.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge